(105 So. 872)

**MANN et al. v. NIXON et al.**    (8 Div. 638.)

(Supreme Court of Alabama. Nov. 5, 1925.)

1. **Appeal and error** &#x21FE;880(3)—**Defendants as parties to decree held not entitled to complain of error in it as to other defendants, in absence of showing of prejudice.**

In a suit to partition land and to sell it against several parties, including unknown heirs of N., deceased, made defendants by publication, pursuant to Code 1923, § 9307, it appearing N., deceased, was one of children of person back to whom by descent or conveyance all parties traced their paper titles, and that defendant unknown heirs owned a certain interest in the land, if error existed in decree so far as it affected the interest of N., deceased, defendants who claimed as purchasers and not by descent or inheritance, and to whom decree gave all they were entitled to, *held* not entitled to complain of such error, in absence of showing of prejudice.

2. **Adverse possession** &#x21FE;13—**Absence of actual possession with payment of taxes or under color of title, extending to land, precluded title under claim of adverse possession.**

Absence of actual possession with payment of taxes or under color of title, extending to land as the statute (Code 1923, § 6069) prescribes, precluded title under claim of adverse possession.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill in equity by Millard F. Nixon and others against Press Mann and others for sale of lands for division. From the decree, defendants appeal. Affirmed.

Isbell & Scruggs, of Guntersville, for appellants.

As to the sufficiency of adverse possession, see McCraw v. Lindsey, 209 Ala. 214, 95 So. 898; Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St. Rep. 182. The decree was in error in holding that the unknown heirs of Henry Noble had a one-third interest in the lands. Scott v. Scott, 202 Ala. 244, 80 So. 82; Heflin v. Heflin, 208 Ala. 69, 93 So. 719.

Rayburn, Wright & Rayburn, of Guntersville, for appellees.

No color of title is shown by defendants. 2 C. J. 177; 1 Cyc. 1091.

SAYRE, J. [1, 2] Appellees' bill sought a sale in lieu of partition of a small tract of land. Appellees had a decree for the sale of a part of the tract described in the bill. As to another part relief was denied; the court being of opinion that appellants had established their exclusive right and title thereto. The parties defendant were numerous, and the facts were complicated, involving, however, nothing of general interest. The trial judge, sitting as chancellor, has made a very careful statement of the facts, which statement in our opinion, after due examination, suffices to answer every objection taken by appellants against the decree save one. As to that we note: The bill avers, in substance, that the heirs of Henry Noble, deceased, whose names, ages, and places of residence are unknown, are the owners of a one-third interest in the land, their father having been one of three children of Reubin Noble, back to whom by descent or conveyance all parties trace their paper titles. These unknown heirs were brought into the trial court and into this court by publication, of the sufficiency of which nothing need be said at this time. It seems to have followed the statute. Code 1923, § 9307. The prayer as to them was that their interest be set apart substantially as the Code directs. It was so decreed after a decree pro confesso against all defendants, except appellants, and of this provision of the decree appellants complain. As to them (the unknown heirs), the chancellor's statement is that they are supposed to live in the state of Texas. Appellants were content to answer the bill by a general denial. There was no specific reference to the alleged unknown heirs. If there was error in the decree as it affected the interest of Henry Noble, deceased—which we do not affirm—it is not perceived how it has prejudiced appellants, who take by the decree all they are entitled to take under the evidence in any

event. They claimed as purchasers, not by descent or inheritance. True, they also claimed by adverse possession; but that claim was correctly answered by pointing out the fact that there had been no actual possession with payment of taxes or under color of title extending to the land in controversy, as the statute prescribes. Code 1923, § 6069. The decree must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur. .